IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. SHERROD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:19CV399 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONS, Mental Health, | ) | **AND ORDER** |
| SCOTT FRAKES, and IHELP | ) | |
| CLINICAL SEX OFFENDER | ) | |
| REVIEW TEAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 5, 2019, Plaintiff filed a Complaint in this court appealing a ruling allegedly made by the District Court of Lancaster County, Nebraska, on August 5, 2019. Although not entirely clear, Plaintiff seems to allege that the state court did not have jurisdiction to rule that Plaintiff be placed in the "iHelp Program" when the state court did not find him to be a mentally disordered sex offender at his 1989 sentencing. (Filing 1.) Plaintiff wants the state court to "turn over" various medical reports and letters to this court so this court can remove Plaintiff's name from the "iHelp List." (*Id.*)

As stated in this court's September 25, 2019, Memorandum and Order (Filing 9), this court's records reflect that 28 U.S.C. § 1915(g) bars Plaintiff from proceeding in forma pauperis ("IFP") in this case because Plaintiff has, on at least three prior occasions while incarcerated, brought cases that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Under such circumstances, section 1915(g) prohibits a plaintiff from proceeding IFP unless he is under imminent danger of serious physical injury. Accordingly, the court granted Plaintiff 30 days to show cause why this case should not be dismissed pursuant to the

provisions of 28 U.S.C. § 1915(g), or to pay the full $400.00 filing and administrative fees. The court warned Plaintiff that in the absence of good cause shown, or the payment of the necessary fees, this action would be dismissed. (Filing 9.)

Plaintiff filed a response to the court's show-cause order on October 2, 2019, stating that his life has been in danger for the past 26 years while in institutional protective custody and general population, the state failed to protect Plaintiff from another inmate who tried to kill him while in protective custody, the state failed to locate evidence for Plaintiff's DNA test, and the state court should not have put his name on the "iHelp list" because he was not ordered to take any such program as part of his 1989 sentence. (Filing 10.)

While Plaintiff seeks to establish that he is in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), by recalling past instances of threatening conduct by fellow prisoners and other wrongs, there is no "nexus between the imminent danger asserted by the prisoner and the cause of action the prisoner seeks to litigate IFP," which section 1915(g) requires. *McFadden v. U.S. Dep't of Justice*, 270 F. Supp. 3d 82, 88 (D.D.C. 2017) (noting agreement of Second, Third, and Fifth Circuits). In other words, this lawsuit seeks to remove Plaintiff from the "iHelp Program," not resolve a conditions-of-confinement claim related to his exposure to dangerous inmates. *See Perry v. Boston Scientific Family*, No. 13-733, 2013 WL 6328760, at *2 (D. Minn. Dec. 5, 2013) (it would be an unreasonable reading of 28 U.S.C. § 1915(g) "not to require a connection between the imminent danger and the action filed by the prisoner. In other words, the action in which the prisoner seeks IFP status must have the potential to prevent the imminent danger."); 8 Fed. Proc., L. Ed. § 20:381 (Sept. 2019) ("The imminent-danger exception applies only when an adequate nexus exists between the imminent danger alleged and the legal claims asserted in the prisoner's complaint.").

Even if Plaintiff could show imminent physical danger from his placement in the "iHelp program" by the Lancaster County District Court, this court could not grant

relief because the *Rooker-Feldman* doctrine deprives this court of the authority to entertain an appeal from a state court's decision. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

Accordingly, because Plaintiff has failed to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g), and because Plaintiff has not paid the full $400.00 filing and administrative fees, this matter will be dismissed.

IT IS ORDERED:

1. This case is dismissed without prejudice because Plaintiff has failed to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g) and because Plaintiff has not paid the full $400.00 filing and administrative fees; and

2. Judgment shall be entered by separate document.

DATED this 8th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge